## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

ELI HOLLEY,

      Plaintiff,

v.                                                            Case No.  5:18-cv-247-MCR/MJF

WHITEHEAD, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before this court upon referral by the clerk for Plaintiff's failure to comply with the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends dismissal of this action for failure to comply with two court orders.[1]

## I.    Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), against two named Defendants: (1) Ms. Whitehead and (2) Lawrence Batson. Because Plaintiff was

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

proceeding *in forma pauperis*, the undersigned screened Plaintiff's complaint.[2] The undersigned noted several deficiencies with Plaintiff's complaint and issued an order directing her to amend her complaint. The undersigned provided Plaintiff thirty days to amend her complaint. (Doc. 6).

Plaintiff filed her first amended complaint and attempted to add a claim against the Bureau of Prisons, presumably under the Federal Tort Claims Act. The undersigned screened the amended complaint pursuant to 28 U.S.C. § 1915(e). The undersigned noted several deficiencies, including that Plaintiff's claim against the Bureau of Prison was insufficient. (Doc. 8). Accordingly, the undersigned issued an order directing Plaintiff to amend her complaint and provided Plaintiff thirty days to comply. Plaintiff sought an extension of time to comply, which this court granted. On June 21, 2019, Plaintiff filed her second amended complaint.

On August 28, 2019, the undersigned issued an order directing Plaintiff to amend her complaint because it was deficient. The undersigned directed Plaintiff to

---

[2] Although Plaintiff was not incarcerated when she filed this suit, this court properly screened her complaint because "under 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." *Mehmood v. Guerrra*, 783 F. App'x 938, 940 (11th Cir. 2019) (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004); *Troville v. Venz*, 303 F.3d 1256, 1259-60 (11th Cir. 2002)).

file an amended complaint on or before September 30, 2019. That deadline expired without Plaintiff amending her amended complaint.[3]

Accordingly, on November 1, 2019, the undersigned issued an order directing Plaintiff to show cause why this case should not be dismissed for failure to comply with a court order and failure to prosecute. The undersigned imposed a deadline of December 2, 2019 to comply. That time has elapsed, and Plaintiff still has not filed an amended complaint or shown cause why this cause should not be dismissed.

## II.   Discussion

The undersigned recommends that the district court dismiss this action because Plaintiff has failed to comply with two court orders.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing &*

---

[3] Before the deadline passed, Plaintiff filed two documents with this court. The first was a letter to the clerk's office seeking an extension of time, which the clerk of court referred to the undersigned on a deficiency order. The other was a notice regarding exhaustion of her administrative remedies regarding her Federal Torts Claim Act. These documents were not an amended complaint.

*Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On August 28, 2019, the undersigned ordered Plaintiff to fix the deficiencies in her complaint. The undersigned provided Plaintiff until September 30, 2019 to comply. Thus, Plaintiff has failed to comply with that order since September 30, 2019.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

      a.     the order issued on August 28, 2019; and

      b.     the order issued on November 1, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 12, 15). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Plaintiff could refile her claim should she choose to pursue it in the future.[4] Thus, dismissal

---

[4] This court has also considered whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. "*Bivens* suits have the same statute of limitations as suits brought under 42 U.S.C. § 1983." *Moore v. Fed. Bureau of Prisons*, 553 F. App'x 888, 890 (11th Cir. 2014) (citing *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996)). In Florida, the statute of limitations for § 1983 actions is four years. *Chappell v. Rich*, 3340 F.3d 1279, 1283 (11th Cir. 2003). Plaintiff alleges that the actions that gave rise to this suit occurred on or around November 19, 2016. Thus, Plaintiff has sufficient time to refile her complaint should she wish to do so. As to Plaintiff's FTCA claim, the Eleventh Circuit has held that a litigant is barred by the statute of limitations unless the claimant presents the claim "to the appropriate federal agency within two years after the claim accrues *and* the lawsuit must be commenced within six months after the receipt of a final agency decision." *See Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001). The final agency decision was issued on September 4, 2018, and Plaintiff purportedly

will not result in substantial prejudice to her.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Because Plaintiff is indigent, it also is unlikely that an imposition of a fine would motivate Plaintiff to comply with future court orders. Accordingly,

---

did not receive the decision until early August 2019, because it was sent to the Marianna Prison camp after she had been released. (Doc. 14).

dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III.    Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    This civil action be **DISMISSED** without prejudice for failing to comply with two court orders and failure to prosecute.

2.    The clerk of court be directed to close the case.

**SO ORDERED** this 30th day of December, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**